IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:11cr199-7 (JCC) |
| | ) | |
| JOSEPH DUODO | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

This matter having come on for a hearing pursuant to the defendant's motion for reconsideration re bond. For reasons set forth below and for reasons stated in open Court, it is accordingly denied:

I.

Defendant Joseph Duodo was indicted on three counts, Count 1 charges him with conspiracy to import heroin in violation of 21 U.S.C. § 963, Count 4 charges him with distribution for the purpose of unlawful importation of heroin in violation of 21 U.S.C.§959(a)& 960, and count 5 charges him with possession with intent to distribute heroin in violation of 21 U.S.C. § 841.

II.

Factors set forth according to 18 U.S.C. §3142(g).

(1) The nature and circumstance of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.

The three counts involve a narcotic drug and since there is a ten year mandatory minimum so there is a rebuttable presumption against placing the defendant on bond.

(2) The weight of the evidence against the person.

The evidence shows that apparently Mr. Duodo was the driver of the vehicle that the narcotics were found in after he was pulled over for a traffic stop. The heroin was found in a bag in the trunk. He was the driver of the car with co-defendant Mr. Akwei. The courier came out from the hotel and went back in and brought the two bags containing the heroin and placed them in the trunk. While in the car there was a call to a person named Frank in Ghana on the speakerphone. The purpose was for the courier to verify that Mr. Duodo and Mr. Akwei were the persons he was to meet with.

At this juncture it is hard to tell the strength of the government's case.

(3) The history and characteristics of the person.

Defendant, Mr. Duodo, has never been convicted of crime and has no prior records. He was previously employed in the produce business and due to his incarceration has lost his job. He had a residence in Maryland in a rooming house and when the Agent, in the landlords presence, spoke about the defendant having AIDS, the landlord became upset and wanted him to move from the house. Defendant's criminal complaint was dismissed in February 2011. There was a tracking device put on his case. There was no further alleged criminal activity.

III.

For the current offenses, the defendant was placed on an Order Setting Conditions of Release with a GPS and time outs to go to work. He violated the order eleven (11) times. It is his contention that the reason he violated was because the landlord continued to harass him due to the statement regarding AIDS made by the Agent.

The defendant has a brother in Georgia. He has no community ties to this area. He does not know if he is able to get his job back if he were release, and second he does not know

where he would be able to live and because he violated the release order 11 times the Court finds that he is a danger to the community and no combination of conditions would insure the safety of the community and the Defendant's presence at trial.

Accordingly, the motion is DENIED.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia
August 11, 2011